(2008)
In re: POTASH ANTITRUST LITIGATION (NO. II)
Gage's Fertilizer & Grain, Inc. v. Agrium, Inc., et al., N.D. Illinois, C.A. No. 1:08-5192
Minn-Chem, Inc. v. Agrium, Inc., et al., D. Minnesota, C.A. No. 0:08-5162.
MDL No. 1996.
United States Judicial Panel on Multidistrict Litigation.
December 2, 2008.

TRANSFER ORDER
JOHN G. HEYBURN II, Chairman.
Before the entire Panel[*]: Plaintiff in the Northern District of Illinois action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Plaintiffs in the District of Minnesota action and one potentially related action pending in the Northern District of Illinois support the motion. Plaintiff in another Northern District of Illinois potentially related action supports centralization in the Northern District of Illinois or, alternatively, the District of Minnesota.
This litigation currently consists of two actions pending in two districts, one each in the Northern District of Illinois and the District of Minnesota.[1]
On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that defendants conspired to fix, raise, maintain, and stabilize the price at which the agricultural fertilizer potash was sold in the United States in violation of the Sherman Antitrust Act. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.
We are persuaded that the Northern District of Illinois is an appropriate transferee forum for this litigation. Two defendants are headquartered in that district, and relevant documents and witnesses may be located there. The majority of the known actions in this docket are already for pending there, and Judge Ruben Castillo has consolidated the actions pending before him.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of Minnesota is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Ruben Castillo for coordinated or consolidated pretrial proceedings with the action pending there.
NOTES
[*] Judge Motz and Judge Vratil did not participate in the disposition of this matter.
[1] The Panel has been notified that six additional related actions have been filed in the Northern District of Illinois. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).